**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

GAIL CLARK,

Plaintiff,

v.                                                      CIVIL ACTION NO.  2:05-cv-00953

TOWN AND/OR CITY OF EAST BANK,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' motion to dismiss [Docket 5].  In an order dated January 30, 2006, the court ordered the plaintiff to submit a response or an amended complaint within 10 days.  The plaintiff failed to do so.  The court **GRANTS** the motion to dismiss for the reasons contained herein.

I.      **Factual Background**

The court will accept the facts alleged by the plaintiff as true for the purposes of the motion to dismiss.  The plaintiff, Gail Clark, is a citizen of the town of East Bank.  The defendants are the Town of East Bank and its Chief of Police, Jess Inclenrock.  The plaintiff alleges that the defendants, through the East Bank police department, have consistently harassed Mr. Clark by bringing false charges against him.  At least some of the charges have not been scheduled for a court hearing, but in the other charges police officers have not appeared at any of the court hearings.

Mr. Clark also claims that the police officers harass people who are visiting his home and make false allegations about Mr. Clark to the visitors.  Mr. Clark claims that the police department

does this at the direction of Mr. Inclenrock and because of the personal ill will he has towards Mr. Clark.

## II.     Standard of Review

To decide a motion to dismiss, the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).  Dismissal is proper only when no set of facts can be proven to support the complaint's allegations.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To make this determination, the court will view the complaint in the light most favorable to the plaintiff. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## III.    Discussion

The court finds that Mr. Clark attempts to assert three federal constitutional claims pursuant to 42 U.S.C. § 1983 and numerous other claims grounded in state law.

A.     *Section 1983 claims*

Section 1983 of Title 42 of the United States Code imposes civil liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" To maintain a § 1983 action, Mr. Clark must show that:  (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the defendants deprived him of this right while acting under "color of any [law]."  *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 922 U.S. 930, 939 (1982).

First, Mr. Clark attempts to assert a claim against the defendants under 42 U.S.C. § 1983 for malicious prosecution.  As the Supreme Court has made clear, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 (1979).  Because of this established principle, the Fourth Circuit has recognized that "there is no such thing as a '§ 1983 malicious prosecution' claim."  *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).  Instead, an appropriate § 1983 claim in this context is "a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution–specifically, the requirement that the prior proceeding terminate favorably to the plaintiff."  *Id.* (citing *Brooks v. City of Winston Salem*, 85 F.3d 178, 183 (4th Cir. 1996)).

Mr. Clark does not allege that the prior proceedings terminated favorably to him.  In fact, the Complaint indicates that these charges are still pending.  As a result, the court **DISMISSES** this claim against the defendants because it is not ripe.

Mr. Clark also attempts to allege a § 1983 action based on illegal discrimination.  He asserts that he is a class of one that the defendants have singled out and intentionally mistreated. "[T]he Supreme Court has recognized the validity of 'class of one' Equal Protection claims, 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Willis v. Town of Marshall*, 426 F.3d 241, 263 (4th Cir. 2005) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  Mr. Clark, however, does not allege that he was treated differently from others similarly situated.  As a result, the court **FINDS** that Mr. Clark's attempt to make a class of one claim against the defendants is deficient and is **DISMISSED**.

-3-

Finally, Mr. Clark asserts that the defendants' actions in harassing persons coming and going from his house violate his right to privacy.  Mr. Clark cites no authority for this proposition. "'[T]here is no general constitutional right to privacy.'  Rather the Supreme Court has limited the right to privacy to matters of reproduction, contraception, abortion, and marriage." *Condon v. Reno*, 155 F. 3d 453, 464 (4th Cir. 1998) (quoting *Whalen v. Roe*, 429 U.S. 589, 608 (1977)(Stewart, J., concurring)) (citations omitted).   The court **FINDS** that the claim as alleged by Mr. Clark is not a constitutional violation of his right to privacy and it is **DISMISSED**.

B.    *State Law Claims*

The remaining claims against the defendants are state actions.  Mr. Clark, the town of East Bank, and Chief Inclenrock are residents of the state of West Virginia; therefore, they are nondiverse parties.  Accordingly, the court does not have independent diversity or federal question jurisdiction over Mr. Clark's claims against the defendants.  Nevertheless, the court must examine whether it should retain supplemental jurisdiction over these claims.  *See* 28 U.S.C. § 1367 (2000).

When a federal court has original jurisdiction in a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Id.* § 1367(a).  When the basis for federal jurisdiction is dismissed, however, a court has discretion to retain or dismiss pending state law claims.[1]  *See id.* § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).  Accordingly, "under the authority of 28 U.S.C. 1367(c), . . . a district court has the inherent power to dismiss the case or, in cases removed

---

[1] 28 U.S.C. § 1367(c)(3) provides:"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

from State court, to remand." *Havitz v. Guilford County Board of Education*, 100 Fed. Appx. 146, 152 (4th Cir. 2004).  In exercising this discretion, the court considers the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Shanaghan,* 58 F.3d at 110.  When exercising their discretion, trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  *Id.*

After considering the factors set forth in *Shanaghan*, and giving great weight to the fairness factor, the court **FINDS** that these factors militate against exercising supplemental jurisdiction over the plaintiff's state law claims.  The court accordingly declines to exercise supplemental jurisdiction over the plaintiff's state law claims.  Mr. Clark's state actions against the defendants are therefore **REMANDED** to the Circuit Court of Kanawha County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 17, 2006

JOSEPH R.  GOODWIN
UNITED STATES DISTRICT JUDGE